UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERROD MICHAEL COX                                                                           PLAINTIFF

  v.                           Case No.6:15-CV-06071

CHRIS HUNT, ET. AL.                                                                       DEFENDANTS

**OPINION AND ORDER**

Plaintiff, Jerrod Michael Cox,[1] submitted this *pro se* action for filing on July 9, 2015. (Doc. 2)  Currently before the Court is Plaintiff's failure to follow a Court order and failure to prosecute.

**I.     BACKGROUND**

Plaintiff filed his Complaint on July 9, 2015.  (Doc. 2).  Plaintiff was directed to file a completed IFP application on August 11, 2015.  (Doc. 3).  Plaintiff filed his completed IFP on August 24, 2015.  (Doc. 7).  An order granting IFP was entered on September 25, 2015.  In this order, Plaintiff was advised his case could be dismissed if he did not keep the Court apprised of his current address.  (Doc. 9)

Plaintiff notified the Court of an address change on October 8, 2015.  The Court entered an Order changing his address on October 22, 2015.  (Doc. 11)

Mail sent to Plaintiff on December 29, 2015 was returned as undeliverable on January 19, 2016, indicating Plaintiff had been paroled.  The Court entered an order on January 20, 2016, changing Plaintiff's address to the address he provided at his last booking.  This order advised

---

[1] Plaintiff included his ex-girlfriend, Lorra Stinson, as a Plaintiff in the case as well. However, there are no statements in the complaint which could be construed to be a claim on Ms. Stinson's behalf, and Ms. Stinson did not sign the complaint.  Even assuming such a claim existed, Plaintiff cannot represent Ms. Stinson. If Plaintiff had remained in contact with the Court, an attempt would have been made to discern if Ms. Stinson might have any claims against  Defendants, and if she wished to file a case.

Plaintiff his case would be dismissed if he did not keep the Court apprised of his address.  (Doc. 12).   This Order was returned as undeliverable on January 29, 2016.   Plaintiff has not communicated with the Court since October 8, 2015.

## II.     LEGAL STANDARD

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not,

however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.   DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter.   Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV.   CONCLUSION

For the reasons set forth above, IT IS ORDERED that this matter is DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 7th day of March, 2016.

/s/P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE